UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Henry Taylor, Jr., #439, 444, | ) C/A No. 8:09-2605-CMC-BHH |
|---|---|
| Plaintiff, | ) |
| vs. | ) |
|  | ) Report and Recommendation |
| Wesley J. Gardner, Investigator; | ) |
| County of Sumter, Third Judicial Circuit, | ) |
| Defendants. | ) |

Plaintiff, a prisoner who is proceeding *pro se*, files this matter pursuant to 42 U.S.C. § 1983 seeking damages for seizure of his clothing during the booking process. He claims he was humiliated, and experienced "mental suffering due to injury to health" and loss of reputation. Plaintiff also sues the County of Sumter claiming he has not yet been indicted, but is being held for a capital crime. He complains he is held without a bond on three of four charges. He states he is entitled to a speedy trial, and has not "seen any type of witness against [him]." He further alleges his preliminary hearing was not timely. Plaintiff claims these matters violate his civil rights for which he is entitled to damages, due to "emotional distress, nervous shock, deprivation of society with family, and serious loss of mental health."

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); and *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir.

1979). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2nd Cir. 1975). However, even under this less stringent standard, the complaint submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Since the petitioner is a pre-trial detainee, his exclusive federal remedy, for issues pertaining to his state court proceedings, is to file a petition for a writ of habeas corpus under 28 U.S.C. § 2241(c)(3), *after* he fully exhausts his state remedies. Although 28 U.S.C. § 2241 contains no express reference to exhaustion of state remedies, courts have held that exhaustion is necessary under § 2241 also. *See*, *e.g.*, *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973); and *Moore v. De Young*, 515 F.2d 437, 442-43 (3d Cir. 1975). Hence, pre-trial detainees in state criminal proceedings must exhaust their state remedies before seeking federal habeas corpus relief. *Carden v. Mont.*, 626 F.2d 82, 83-84 (9th Cir. 1980). *Cf. Hamlin v. Warren*, 664 F.2d 29, 30-32 & n. * (4th Cir. 1981), *cert. denied*, 455 U.S. 911 (1982).

The Federal Speedy Trial Act, 18 U.S.C. § 3116, applies to criminal prosecutions brought by the United States, and is not applicable to prosecutions by a State. *See*, *e.g.*, *United States v. James*, 861 F. Supp. 151 (D.D.C. 1994).

The Sixth Amendment, which, *inter alia*, provides that criminal defendants have the right to a speedy and public trial, was made applicable to the States in 1948. *See In re Oliver*, 333 U.S. 257, 273 (1948). Even so, in light of the petitioner's failure to exhaust his state remedies, it is unnecessary for this court to conduct a full analysis of the four-part "speedy trial" test set forth by the Supreme Court in *Barker v. Wingo*, 407 U.S. 514, 530 (1972).

Absent extraordinary circumstances, federal courts are not authorized to interfere with a State's pending criminal proceedings. *See, e.g., Younger v. Harris*, 401 U.S. 37, 44 (1971); *Taylor v. Taintor*, 83 U.S. (16 Wall.) 366, 370 & n.8 (1873)[*]; *Harkrader v. Wadley*, 172 U.S. 148, 169-70 (1898); and *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 50-53 (4th Cir. 1989). In *Cinema Blue of Charlotte, Inc. v. Gilchrist*, the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d at 52. Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits this court from enjoining such proceedings. *See also Bonner v. Circuit Court of St.* Louis, 526 F.2d 1331, 1336 (8th Cir. 1975) (*en banc*). In *Bonner v. Circuit Court of St. Louis*, the United States Court of Appeals for the Eighth Circuit pointed out that federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional

---

[*]Although the Supreme Court of the United States has not overruled *Taylor v. Taintor*, an unrelated portion of the decision in *Taylor v. Taintor*, which concerned the right of sureties to apprehend principals, has been superannuated by statute in Texas. *See Green v. State*, 829 S.W.2d 222, 223 (Tex. Crim. App. 1992)("However, *Taylor* is not the law in Texas."), *affirming Green v. State*, 785 S.W.2d 955, (Tex. 1990).

issues arise, state court judges are fully competent to handle them subject to Supreme Court review." *Cf. D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587-88 & nn.2-4 (4th Cir. 1969)(federal courts may not issue writs of mandamus against state courts); and *Craigo v. Hey*, 624 F. Supp. 414 (S.D.W.Va. 1985).

If the petitioner is convicted in his pending criminal case, he has the remedy of filing a direct appeal. If his direct appeal is unsuccessful, the petitioner can file an application for post-conviction relief. Moreover, if a South Carolina prisoner's application for post-conviction relief is denied or dismissed by a Court of Common Pleas, he or she can file an appeal in that post-conviction case. *See* § 17-27-100, South Carolina Code of Laws; and *Knight v. State*, 284 S.C. 138 (1985).

It is well settled that a direct appeal is a viable state court remedy, and the United States Court of Appeals for the Fourth Circuit has held that South Carolina's Uniform Post-Conviction Procedure Act, which is currently codified at § 17-27-10 *et seq.*, South Carolina Code of Laws, is also a viable state-court remedy. *See Miller v. Harvey*, 566 F.2d 879, 880-81 (4th Cir. 1977); and *Patterson v. Leeke*, 556 F.2d 1168, 1170-73 & n.1 (4th Cir. 1977).

As for plaintiff's allegations that his clothing was taken during the booking process, deprivations of personal property, including negligent deprivations of personal property do not support an action for damages under 42 U.S.C. § 1983. *See Daniels v. Williams,* 474 U.S. 327, 328-36 & n. 3 (1986). Negligence, in general, is not actionable under 42 U.S.C. § 1983. *See Ruefly v. Landon,* 825 F.2d 792, 798-94 (4th Cir.1987); and *Pink v. Lester,* 52 F.3d 73, 78 (4th Cir.1995). Furthermore, 42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law. *DeShaney v. Winnebago Dep't. of*

*Social Services,* 489 U.S. 189, 200-203 (1989).

The United States Court of Appeals for the Fourth Circuit has held that a federal district court should deny § 1983 relief if state law provides a plaintiff with a viable remedy for the loss of personal property-even if the deprivation was caused by an employee of the state, an employee of a state agency, or an employee of a political subdivision of a state. *Yates v. Jamison,* 782 F.2d 1182, 1183-84 (4th Cir.1986). *Yates* has been partially superannuated for cases where plaintiffs allege deprivations of intangible interests, such as a driver's license or "liberty." *See Plumer v. Maryland,* 915 F.2d 927, 929-32 & nn. 2-5 (4th Cir.1990) and *Zinermon v. Burch,* 494 U.S. 113 (1990). Nevertheless, the holding in *Yates* is still binding on lower federal courts in the Fourth Judicial Circuit in cases involving deprivations of personal property. *Johnson v. Crenshaw*, 2008 WL 154014 (D.S.C. 2008).

Under South Carolina law, Plaintiff's claims may be cognizable under the South Carolina Tort Claims Act (SCTCA). S.C.Code Ann. Section 15-78-30 and its subparts encompass a "loss" of property from an occurrence of negligence proximately caused by a person employed by the State of South Carolina, a state agency, or political subdivision while acting within the scope of his or her employment. Under the SCTCA, a claimant is required to file an administrative claim with the agency, department, or the State Budget and Control Board before seeking judicial relief in a Court of Common Pleas. *See* S.C.Code Ann. § 15-78-80. South Carolina case law indicates that claimants under the SCTCA must strictly comply with its requirements and must timely pursue their claims before the applicable limitations period expires. *See, e. g., Murphy v. Richland Memorial Hosp.,* 455 S.E.2d 688 (S.C.1995); and *Pollard v. County of Florence,* 444 S.E.2d 534 (S.C.Ct.App.1994).

Cases from other circuits point out that the availability of a state cause of action for

an alleged loss of property provides adequate procedural due process. In other words, where state law provides such a remedy, no federally guaranteed constitutional right is implicated. *See King v. Massarweh,* 782 F.2d 825, 826 (9th Cir.1986); *Slaughter v. Anderson,* 673 F.Supp. 929, 930 (N.D.Ill.1987).

### **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*, *supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe*, 998 F.2d 201, 202-204 & n.* (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); *Boyce v. Alizaduh, supra; Todd v. Baskerville, supra*, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B); and 28 U.S.C. § 1915A [the court shall review, as soon as practicable after docketing, prisoner cases to determine whether they are subject to any grounds for dismissal].

s/Bruce Howe Hendricks
United States Magistrate Judge

November 18, 2009
Greenville, South Carolina

*The plaintiff's attention is directed to the important notice on the next page*.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).